IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBRA A. LAFFERTY, et al.      :      CIVIL ACTION
                               :
          v.                   :
                               :
GITO ST. RIEL, et al.          :      NO. 05-4094


MEMORANDUM

Bartle, J.                                    November 8, 2005

          This is a diversity action in which plaintiffs seek

damages for personal injuries allegedly suffered in an automobile

accident in West Earl Township, Lancaster County, Pennsylvania.

The action was originally filed in the United States District

Court for the District of New Jersey where plaintiffs reside.

That court found venue to be improper under 28 U.S.C. § 1391(a)

because both named defendants reside in Pennsylvania, and it

transferred the action to this District pursuant to 28 U.S.C.

§ 1406(a).  Before the court is the motion of defendants for

judgment on the pleadings.  They contend that the action is

barred by the Pennsylvania statute of limitations.[1]

          According to the complaint, the accident occurred on or

about July 17, 2003.  The action was filed in the District of New

Jersey on July 11, 2005 and was ordered transferred to this

District on July 27, 2005.  In a diversity action, the

_____

1.  For present purposes, we will accept as true all well-pleaded
facts.  <u>Turbe v. Government of Virgin Islands</u>, 938 F.2d 427, 428
(3d Cir. 1991).

Constitution requires that we apply the substantive law, including the conflict of laws rules, of the state where the District Court sits.  Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487 (1941).  The substantive law of a state includes its statutes of limitations.  Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945).  Erie and its progeny are grounded on the notion that actions in a state court and a federal court involving the same transaction or accident "should not lead to a substantially different result."  See Ferens v. John Deere Co., 494 U.S. 516, 524 (1990).

If an action is transferred from a federal district court in one state to a federal district court in another state under 28 U.S.C. § 1404(a) "for the convenience of the parties, in the interest of justice," the Supreme Court has held in Van Dusen v. Barrack, 376 U.S. 612, 639 (1964), and in Ferens, 494 U.S. at 527-28, that the law of the state where the action was initially filed governs.  A transfer under § 1404(a) presupposes that the action was originally instituted in a correct forum.  In contrast, a transfer under § 1406(a) can occur only when the case, like this one, is originally filed in the wrong forum.  It provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Since venue in the District of New Jersey was

-2-

improper, the state law of the transferee forum, in this case, the law of Pennsylvania, must be applied.  Schaeffer v. Village of Ossining, 58 F.3d 48, 50 (2d Cir. 1995); Tel-Phonic Services, Inc. v. TBS Int'l, Inc., 975 F.2d 1134 (5th Cir. 1992).  If this were not the rule, plaintiffs would have every incentive to initiate suit in the wrong federal forum if by doing so they could obtain the benefit of more favorable law, including a longer statute of limitations.

The Pennsylvania statute of limitations for a personal injury action is two years.  42 Pa. Cons. Stat. Ann. § 5524(2). While the action was filed in the New Jersey federal court within two years after the cause of action accrued,[2] the defendants argue that the Pennsylvania statute had run by the time the case was transferred to this District on July 27, 2005, the accident having occurred on July 17, 2003.

Under Pennsylvania law, an action is commenced by filing with the prothonotary of a Common Pleas Court either a praecipe for a writ of summons or a complaint.  Pa. R. Civ. P. 1007.  Tolling of the statute of limitations occurs at that time. See 42 Pa. Cons. Stat. Ann. §§ 5503 and 5524.  Significantly, Pennsylvania law also provides:

> (a)  ... A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the

---

2.  The New Jersey statute of limitations for personal injuries is also two years.  N.J. Stat. Ann. § 2A:14-2.

other tribunal to the proper court or
magisterial district of this Commonwealth
where it shall be treated as if originally
filed in the transferee court or magisterial
district of this Commonwealth on the date
when first filed in the other tribunal.

(b)(1)  Subsection (a) shall also apply to
any matter transferred or remanded by any
United States court for a district embracing
any part of this Commonwealth.  In order to
preserve a claim under Chapter 55 (relating
to limitation of time), a litigant who timely
commences an action or proceeding in any
United States court for a district embracing
any part of this Commonwealth is not required
to commence a protective action in a court or
before a district justice of this
Commonwealth.  Where a matter is filed in any
United States court for a district embracing
any part of this Commonwealth and the matter
is dismissed by the United States court for
lack of jurisdiction, any litigant in the
matter filed may transfer the matter to a
court or magisterial district of this
Commonwealth by complying with the transfer
provisions set forth in paragraph (2).

42 Pa. Cons. Stat. Ann. § 5103(a) and (b)(1).

Thus, the statute of limitations is tolled when a
complaint is filed in a Pennsylvania state court or in any of the
three federal district courts within the borders of the
Commonwealth.  Section 5103(b)(1) by its terms eliminates the
need for a state court protective action when a lawsuit is filed
in a Pennsylvania federal district court.  If an action is timely
brought in the Eastern, Middle, or Western District of
Pennsylvania, it may be dismissed for lack of jurisdiction, or
transferred to a Pennsylvania state court or to one of the other
Pennsylvania federal courts without fear that the dismissal or
transfer will result in the statute of limitations barring the

-4-

action.  That, however, is as far as § 5103(a) and (b)(1) goes.
There are no provisions for tolling when a federal or state
action is filed elsewhere.  Nor is there anything in § 5103(a)
and (b)(1) which states that the filing in a federal transferor
court outside of Pennsylvania constitutes the commencement of an
action for statute of limitations purposes if it is later
transferred to a Pennsylvania federal court.[3]  The reference in
§ 5103(a) and (b)(1) to the courts and district justices of
Pennsylvania and to United States courts for the districts
embracing a part of the Commonwealth necessarily means the
exclusion of all other courts.  See Scott Twp. Appeal, 130 A.2d
695, 698 (Pa. 1957).  Our Court of Appeals has reiterated that
"if the action is barred by a Pennsylvania statute of
limitations, no action can be maintained in Pennsylvania even
though the action is not barred elsewhere." Overfield v.
Pennroad Corp., 146 F.2d 889, 898 (3d Cir. 1945).  Consequently,
in order to avoid the possibility that the statute of limitations
will bar an action in situations not exempted by § 5103(a) and
(b)(1), it is necessary for a plaintiff to file a protective
action in a Pennsylvania state court or one of the federal
district courts sitting within the Commonwealth.  This, of
course, was not done here.

---

3.  This issue will not arise when a transfer occurs under 28
U.S.C. § 1404(a) since the law of the transferor court will
apply.  See Van Dusen, 376 U.S. at 639.

-5-

We are mindful of Rule 3 of the Federal Rules of Civil Procedure which reads, "a civil action is commenced by filing a complaint with the court."  Accordingly, we must determine whether the Pennsylvania statute of limitations must be applied or whether we are dealing with a matter of procedure where the Federal Rules of Civil Procedure control.  If Rule 3 prevails, the clock stopped on July 11, 2005 when the action was filed in the District of New Jersey.  This would make the action timely.

We begin with the Supreme Court's decision in <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965).  There the Court was faced with the question whether service of process in a diversity case must be made in accordance with state law or Rule 4(d)(1) of the Federal Rules of Civil Procedure.  While service complied with the specific provisions of the Rule, Massachusetts required the service of a complaint on an executor or administrator by "delivery in hand," which had not occurred.  The District Court granted summary judgment to defendant because of inadequate service, and the Court of Appeals affirmed.  The Supreme Court reversed.  It held that the method of service was a matter of procedure governed by Rule 4 and not by state law.  The Court explained, "The 'outcome-determination' test ... cannot be read without reference to the twin aims of the Erie rule: discouragement of forum shopping and avoidance of inequitable administration of the laws."  <u>Id.</u> at 468.  The Court went on to observe that "To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-

created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act [28 U.S.C. § 2072]." Id. at 473-74.

Some fifteen years later, in Walker v. Armco Steel Corp., 446 U.S. 740 (1980), the Supreme Court again grappled with the question as to when a diversity action is commenced for purposes of the tolling of the Oklahoma statute of limitations. The Oklahoma limitations period continues to run until the summons is served on the defendant, with certain exceptions not relevant there. In that case, while the action was filed in the United States District Court for the Western District of Oklahoma within the two year statutory limitations period, the summons was not served until thereafter. The Supreme Court held that the state statute of limitations trumped Rule 3 of the Federal Rules of Civil Procedure which, as noted above, provides that an action is commenced when the complaint is filed with the court. The Court explained that unlike the situation in Hanna, there was no direct clash between a federal rule and state law. It concluded that state law prevailed because the service requirement was:

> an "integral" part of the statute of limitations .... As such, the service rule must be considered part and parcel of the statute of limitations. Rule 3 does not replace such policy determinations found in state law. Rule 3 and [the Oklahoma statute of limitations] can exist side by side, therefore, each controlling its own intended sphere of coverage without conflict.

> Since there is no direct conflict between the
> Federal Rule and the state law, the <u>Hanna</u>
> analysis does not apply.

<u>Id.</u> at 752 (footnotes omitted).  The Supreme Court made it clear
that the purpose of Rule 3 is not to toll the various state
statutes of limitations:

> Rule 3 simply states that "[a] civil action
> is commenced by filing a complaint with the
> court."  There is no indication that the Rule
> was intended to toll a state statute of
> limitations, much less that it purported to
> displace state tolling rules for purposes of
> state statutes of limitations.  In our view,
> in diversity actions Rule 3 governs the date
> from which various timing requirements of the
> Federal Rules begin to run, but does not
> affect state statutes of limitations.

<u>Id.</u> at 750-51 (footnotes omitted).  <u>See</u> <u>Ragan v. Merchants
Transfer & Warehouse Co.</u>, 337 U.S. 530 (1949).

In <u>Weaver v. Marine Bank</u>, 683 F.2d 744 (3d Cir. 1982),[4]
our Court of Appeals had occasion to pass upon the transfer of an
action, with only state causes of action remaining, from the
United States District Court for the Western District of
Pennsylvania to the Court of Common Pleas of Erie County,
Pennsylvania under § 5103(b)(1).  It noted that plaintiff was
"fortunate" that this provision was in place because it "obviates
the limitations problem that might otherwise confront plaintiffs"
from a dismissal.  The Court of Appeals recognized that

---

4.  We note that this opinion was issued prior to Congress'
enactment of 28 U.S.C. § 1367 and that it is no longer necessary
to dismiss state law claims that remain after the dismissal of
all federal claims.  Nonetheless, this case is instructive with
respect to the application of § 5103.

§ 5103(b)(1) was critical in determining the statute of
limitations issue if no timely protective action had been filed.[5]
It observed "in the context of diversity jurisdiction, that a
state statute that bars a person from utilizing a state court
likewise precludes suit in the federal court .... Thus, state
law can effectively 'limit' the federal court's jurisdiction in
the diversity setting."  683 F.2d at 747 n.2.

        For limitations purposes, the commencement of a
diversity action is a matter of state, not federal, law.  Rule 3
of the Federal Rules of Civil Procedure does not control.
Walker, 446 U.S. 740;  Weaver, 683 F.2d 744.  Accordingly, the
statute of limitations for an action governed by Pennsylvania law
is not tolled until it is commenced, that is, filed, with the
prothonotary of a court of the Commonwealth or in a federal court
embraced within the Commonwealth.  Here, the action was not
transferred to the Eastern District of Pennsylvania from our
sister court in New Jersey until July 27, 2005.  The initial
filing in the District of New Jersey on July 11, 2005 did not
constitute "commencement of an action" under Pennsylvania law.
In sum, this action was not commenced, that is, filed, in a
federal court situated within the borders of Pennsylvania until

---

5.  Three separate protective actions had been timely filed in
state court although the writs of summons had not been served for
almost three years.  Under the circumstances, there was a
significant question whether the protective actions tolled the
statute of limitations under state law.

at least July 27, 2005,[6] a date more than two years after
July 17, 2003 when the automobile accident took place and the
cause of action accrued.  If this action had been brought
originally in the Court of Common Pleas in any of the 67 counties
of Pennsylvania or in the United States District Court for the
Eastern, Middle, or Western District of Pennsylvania on July 27,
2005, it would clearly have been out of time.  While diversity
jurisdiction was established to reduce the potential for bias
against out-of-state citizens such as the New Jersey plaintiffs
here, it was not designed to advantage them with a statute of
limitations which is longer than what is available to plaintiffs
who happen to be citizens of the Commonwealth and cannot take
advantage of the federal court's diversity jurisdiction.  <u>York</u>,
326 U.S. at 109-112.

Plaintiffs cite <u>Burnett v. N.Y. Central R.R. Co.</u>, 380
U.S. 424 (1965), in opposition to defendants' motion for judgment
on the pleadings.  This case is inapposite.  It involved the
Federal Employees' Liability Act ("FELA"), 45 U.S.C. §§ 51 <u>et</u>
<u>seq</u>.  The Supreme Court has interpreted the limitations period
under the FELA as tolled once such an action is filed in a state
court, even though later dismissed for improper venue, if a
federal court action is later filed after the limitations period
has expired.  <u>Burnett</u>, 360 U.S. at 431-33.  The Supreme Court

---

6.  This court did not receive the file from the District of New
Jersey until August 1, 2005.  We need not decide whether this
date or July 27, 2005 is the critical one for tolling purposes.

-10-

rightly analyzed the issue as one of legislative intent. Id. at 426. We, of course, are not concerned here with the FELA which establishes a federal claim for relief and contains its own statute of limitations.

The plaintiffs also rely on Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967), a medical malpractice action originally filed in the United States District Court for the Southern District of Illinois. That court granted a motion to transfer to the District of Minnesota. The Court of Appeals treated the transfer as one under § 1406(a). While the action was filed in the Southern District of Illinois within Illinois' and Minnesota's two year statutes of limitations, both had expired by the time the action was transferred to the District of Minnesota. Looking to the Illinois statute of limitations, the court held that the statute was tolled once the case was commenced in Illinois and that it remained tolled thereafter when transferred to Minnesota. Regardless of whether the court should have looked to Minnesota rather than Illinois law when a case is transferred under § 1406(a), the significant point remains that the court focused on its interpretation of state law in determining whether the limitations period was tolled. Cf. Schaeffer, 58 F.3d 48. Since the court did not analyze Pennsylvania law, Mayo Clinic is of no help to plaintiffs.

Section 1406(a), unlike § 1404(a), authorizes a transfer from a district "in which is filed a case laying venue in the wrong division or district." The Supreme Court in

Goldlawr, Inc. v. Herman, 369 U.S. 463 (1962), a private antitrust action, held that § 1406(a) authorized a district court to transfer an action to another district court even where the transferor court lacked personal jurisdiction over the defendants.  The Court recognized that § 1406(a) was enacted to avoid the harsh result of dismissal when a party errs in filing a timely lawsuit in the wrong forum.  Without § 1406(a), a dismissal could put a party out of court if it occurs after the statute of limitations has expired.  The Supreme Court observed, "When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply."  369 U.S. at 467. Goldlawr, it must be emphasized, involved a transfer of a claim for relief under the federal antitrust laws.  The Court, therefore, had no occasion to discuss the application of § 1406(a) when state causes of action or state statutes of limitations are involved, and the Court, of course, did not discuss the Erie doctrine.  It was also decided before Walker.

    We acknowledge that one of the salutary purposes of § 1406(a) is to permit a transfer to overcome the bar of the statute of limitations that might otherwise result if an action is dismissed by a federal court for improper venue or lack of personal jurisdiction.  Goldlawr, 369 U.S. 463.  It clearly serves this intended purpose where federal questions are involved.  It also does so in diversity cases when the statute of limitations of the state in which the transferee court sits has

not expired or the transferee state has an appropriate savings
provision in its law.  Nonetheless, unlike a transfer under
§ 1404(a), a transfer under § 1406(a) is not merely a change in
courtrooms where the action can be properly filed and tried in
either place.  A party under <u>Erie</u> has the benefit of the law of
the state of the transferor court when it is a proper but
inconvenient forum.  <u>Van Dusen</u>, 376 U.S. at 637-40.  In this way,
"the 'accident' of diversity jurisdiction does not enable a party
to utilize a transfer to achieve a result in federal court which
could not have been achieved in the courts of the state where the
action was filed."  <u>Id.</u> at 638.  The Supreme Court describes
§ 1404(a) as "a housekeeping measure."  <u>Ferens</u>, 494 U.S. 516; <u>Van
Dusen</u>, 376 U.S. at 636.  We see no reason why § 1406(a) should
not be characterized in the same manner, but it does not follow
that <u>Erie</u> requires the application of the law of the transferor
court when it is the <u>wrong</u>, as opposed to an inconvenient, forum.
Indeed, in our view, <u>Erie</u> requires the opposite, that is, that
when a transfer occurs pursuant to § 1406(a) the law of the
transferee forum should be applied.  The precedents support this
principle.  <u>Schaeffer</u>, 58 F.3d 48; <u>Tel-Phonic Services</u>, 975 F.2d
1134.  Otherwise, as we have noted earlier, a plaintiff could use
the accident of diversity jurisdiction to file in a district
where venue is wrong or personal jurisdiction is absent in order
to obtain the benefit of more favorable law, including a longer
statute of limitations, than would be available if diversity did

-13-

not exist.  This result would make § 1406(a) much more than "a housekeeping measure."

In conclusion, neither Rule 3 of the Federal Rules of Civil Procedure nor § 1406(a) mandates the tolling of a Pennsylvania statute of limitations when a plaintiff files a diversity action in a federal court outside of Pennsylvania where venue is improper or personal jurisdiction is lacking and the action is later transferred to a federal court within Pennsylvania.  Only Pennsylvania law may do so.  Unfortunately for plaintiffs, the Commonwealth's General Assembly has chosen to adopt limited saving provisions under § 5103(a) and (b)(1). These provisions are not applicable here since this action was not commenced, that is filed, within the relevant two-year limitations period in a Pennsylvania state court or in a federal court for a district embracing any part of the Commonwealth.  The result for the plaintiffs is indeed harsh and puts them out of court, but the doctrine of <u>Erie</u> and its progeny compels this outcome.

Accordingly, we must grant the motion of defendants for judgment on the pleadings.

```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DEBRA A. LAFFERTY, et al.        :        CIVIL ACTION
                                 :
           v.                    :
                                 :
GITO ST. RIEL, et al.            :        NO. 05-4094
```

<u>ORDER</u>

AND NOW this 8th day of November, 2005, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that the motion of defendants Gito St. Riel and Achenbach's
Pastries, Inc. for judgment on the pleadings is GRANTED.

BY THE COURT:


/s/ Harvey Bartle III
                                                    J.